# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN HARRIS,<br><br>    Plaintiff,<br><br>v.<br><br>S. SZTUKOWSKI, et al.,<br><br>    Defendants. | Case No. 1:19-cv-01116-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING MOTION TO PROCEED IN FORMA PAUPERIS BE DENIED<br><br>[ECF No. 3] |

Plaintiff Marvin Harris is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983, filed on August 15, 2019.

On September 16, 2019, Plaintiff filed a motion to proceed in forma pauperis.

**I.**

**DISCUSSION**

The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011). Pursuant to the PLRA, the in forma pauperis statue was amended to include section 1915(g), a non-merits related screening device which precludes prisoners with three or more "strikes" from proceeding in forma pauperis unless they are under imminent danger of serious physical injury. 28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1050 (9th Cir. 2007). The statute provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions,

while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The Court finds that Plaintiff has incurred three or more strikes under section 1915(g) prior to filing this lawsuit. The Court takes judicial notice of the following cases: (1) Ripple and Harris v. Gomez, Case No. 1:96-cv-05284-REC-SMS (E.D. Cal.) (dismissed on April 30, 1996, as frivolous); (2) Harris v. Ripple, Case No. 1:97-cv-05186-REC-HGB (E.D. Cal.) (dismissed on July 30, 2017, as frivolous); (3) Harris v. Coyle, Case No. 1:97-cv-05508-AWI-DLB (E.D. Cal.) (dismissed on January 21, 1999, as frivolous, malicious, and failure to state a claim); (4) Harris v. Glass, Case No. 2:00-cv-00937-DFL-DAD (E.D. Cal.) (dismissed on August 17, 2000, for failure to state a claim); (5) Harris v. Edmonds, Case No. 1:00-cv-05857-OWW-LJO (E.D. Cal.) (dismissed on November 27, 2000, for failure to state a claim); (6) Harris v. Edmonds, Case No. 1:00-cv-07160-REC-SMS (E.D. Cal.) (dismissed on May 28, 2012 for failure to state a claim); and (7) Harris v. Pliler, Case No. 2:01-cv-01125-WBS-DAD (E.D. Cal.) (dismissed on March 15, 2012, for failure to state a claim).

The issue now becomes whether Plaintiff has met the imminent danger exception, which requires Plaintiff to show that he is under (1) imminent danger of (2) serious physical injury and which turns on the conditions he faced at the time he filed his complaint on July 26, 2019. Andrews, 493 F.3d at 1053-1056. Conditions which posed imminent danger to Plaintiff at some earlier time are immaterial, as are any subsequent conditions. Id. at 1053. While the injury is merely procedural rather than a merits-based review of the claims, the allegations of imminent danger must still be plausible. Id. at 1055.

The Court further finds that Plaintiff's complaint allegations do not meet the imminent danger exception. Andrews, 493 F.3d at 1053. Plaintiff has not shown that he is at risk of any serious physical injury. Rather, Plaintiff contends that he was not allowed to dayroom and yard time because he refused to go to school, and he was issued a false rules violation report without a hearing. Plaintiff's factual allegations do not allege imminent danger of serious physical injury. Accordingly, Plaintiff is ineligible to proceed in forma pauperis in this action, and he should be required to pre-pay the $400 filing fee to proceed in this case.

## II.

## CONCLUSION AND RECOMMENDATIONS

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Further, for the reasons explained above, it is HEREBY RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 3.) be denied; and
2. Plaintiff be required to pay the $400.00 filing fee within thirty (30) days of service of the Court's order adopting these Findings and Recommendations.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 17, 2019**

UNITED STATES MAGISTRATE JUDGE